## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| V. DRAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-208 |
| | ) | |
| 7-ELEVEN INC., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff Drake appearing *pro se*, has submitted a complaint seeking $2,800,000,000.00 in damages resulting from a convenience store clerk misinforming him of the deadline for purchasing a lottery ticket. Doc. 1.  He seeks to proceed *in forma pauperis* (IFP).  Doc. 2.  As Drake has been recognized as a vexatious litigant and is subject to filing restrictions in all other cases filed in this district, the Court **RECOMMENDS** that the same restrictions be adopted in this matter.

Plaintiff seems to enjoy the legal process, but rather than pursuing a career in the law, he has chosen to inundate state and federal courts with filings.  As the Court has previously observed, he has pursued

dozens of cases in recent years in several federal districts.[1]  *See Drake v. Travelers Commercial Ins. Co.*, CV4:20-099, doc. 5 (S.D. Ga. May 8, 2020) (citing several of plaintiff's filings).  The Court has also noted that Drake has signed his pleadings using different variations of his name[2] and has claimed to be domiciled in multiple states using frequently changing post office box addresses.[3]  *Id.* at 4–5.  In some instances, he has even filed

---

[1] A search of variations of plaintiff's name produces more than 100 cases or appeals that have been filed in the federal courts over the course of the last two decades.  *See e.g.*, *Drake v. Burchett, et al.*, CV5:99-1138 (W.D. La. June 28, 1999) (accusing several state judges, attorneys, and law firms of conspiring to interfere with a state personal injury claim); *Drake v. FedEx Ground Package Sys., Inc.*, CV2:08-397 (E.D. Tex. Oct. 16, 2008) (seeking damages for a package that was lost or destroyed during shipping); *Drake v. Court Reporters Certification Bd.*, CV5:14-340 (W.D. Tex. Apr. 15, 2014) (alleging conspiracy to alter the recorders record in a malpractice lawsuit and a failure to subsequently investigate by a certification board); *Drake v. Mitch Rosen Extraordinary Gunleather, LLC*, CV 1:16-527, (D.N.H. Dec. 2, 2016) (seeking damages for gun holster that did not conform to order and alleged racial discrimination); *Drake v. Trump*, CV1:19-9335 (S.D.N.Y. Oct. 7, 2019) (seeking an injunction compelling the President and Vice President of the United States and their wives to meet with plaintiff to discuss his prophetic visions).

[2] Plaintiff has filed cases as "Eric Drake," *see Drake v. Travels Indem. Co. and Jane Doe*, CV3:16-416, doc. 1 at 38 (D. Conn. Mar. 11, 2016), "Eric Von Drake," *see Drake v. Fuji Heavy Indus., Ltd., et al.*, CV 2:19-337, doc. 1-1 (S.D. Ala. July 8, 2019), "E. Drake," *see Drake v. Neillo Co., et al.* CV 2:17-1036, doc. 1-1 at 1 (E.D. Cal. Mar. 18, 2016), "E.V. Drake," *see Drake v. Gallagher Bassett Servs., Inc., et al.*, CV3:19-192, doc. 1 at 56 (S.D. Ca. Jan. 28, 2019), and "Eric Vondrake," *see Vondrake v. 7-Eleven*, CV2:18-1277, doc. 1-10 at 1 (S.D. W.Va. Sept. 4, 2018).

[3] In the last two years alone, plaintiff has claimed to be domiciled in Charleston, West Virginia, *see Vondrake v. 7-Eleven, Inc.*, CV 2:18-1277, doc. 1-10 at 1 (S.D. W.Va. Sept. 4, 2018), Saint Simmons, Georgia, *see Drake v. Gallagher Bassett Servs., Inc., et al.*, CV3:19-192, doc. 1-1 at 1 (S.D. Ca. Jan. 28, 2019), Selma, Alabama, *see Drake v. Fuji Heavy Indus., Ltd.*, CV2:19-337, doc. 1-1 (S.D. Ala. July 8, 2019), New York, New York, *see Drake v. Trump*, CV:19-335, doc. 2 at 21, 23 (S.D.N.Y. Oct. 7, 2019), Grand Prairie, Texas, *see Drake v. Safeway, Inc., et al.*, CV3:20-344, doc. 1-1 at 1 (N.D. Tex. Feb. 12,

nearly identical pleadings in different districts. *Compare Drake v. Travelers Commercial Ins., Co., et al.*, CV 2:11-11551, doc. 1 at 77 (E.D. Mich. May 30, 2020) *with Drake v. Travelers Indem. Co., et al.*, CV1:18-4296 (N.D. Ga. Sept. 10, 2018), *Drake v. Travelers Indem. Co., et al.*, CV2:19-346 (E.D. Tex. Oct. 23, 2019), *and Drake v. Travelers Indem. Co., Inc.*, CV4:20-099 (S.D. Ga. May 6, 2020). In fact, this case is redundant to prior actions in at least two other districts. *See Drake v. Wanczyk*, CV4:18-444 (N.D. Okla. Aug. 27, 2018) (dismissed for lack of subject matter jurisdiction); *Vondrake v. 7-Eleven*, CV2:18-1277 (S.D. W.Va. Sept. 4, 2018) (dismissed on Drake's motion for nonsuit).

Drake's abusive practices have drawn the ire of other federal courts, which have deemed him a vexatious litigant and imposed filing restrictions. *See, e.g., Drake v. Travelers Indem. Co., et al.*, CV 2:11-318, doc. 11 at 6 (E.D. Tex. Mar. 16, 2012) (imposing a restriction of Drake's ability to proceed IFP without leave of court); *Drake v. Bank of America*, CV2:11-515, doc. 13 at 6 (E.D. Tex. Mar. 16, 2012) (same); *Drake v. Travels Cas. Ins., Co., et al.*, CV 2:11-516, doc. 14 at 6 (E.D. Tex. Mar 16, 2012)

---

2020), Baltimore, Maryland, *see Drake v. Travelers Indem. Co., et al.*, CV1:19-2669, doc. 1-1 at 1 (Dist. Md. Sept. 18, 2019), and Savannah, Georgia, *see Drake v. Travelers Commercial Ins., Co., et al.*, CV 2:11-11551, doc. 1 at 77 (E.D. Mich. May 30, 2020).

(same); *Drake v. Nordstrom Dept. Stores*, CV3:18-471, doc. 9 (N.D. Tex. Mar. 19, 2018) (adopting Report and Recommendation, doc. 5 Mar. 1, 2018) (imposing the sanction of the Eastern District of Texas); *Drake v. Safeway*, CV3:20-344, doc. 20 (N.D. Tex. April 13, 2020) (adopting Report and Recommendation, doc. 5, Feb. 14, 2020)(same).  This district recently imposed similar restrictions in another case and all potential future filings by plaintiff.  *Drake v. Travelers Commercial Insur. Co., et al.*, CV4:20-099, doc. 11 (S.D. Ga. June 24, 2020) (adopting Report and Recommendation, doc. 9, May 27, 2020).  Specifically, the Court should now require that, in this case:

1. In addition to paying the Court's filing fee, Drake must post a $1,000 contempt bond with the Clerk of Court within fourteen days of this R&R's adoption.  The Clerk shall not issue a summons without the required bond or an order from the Court.  The bond will be held by the Clerk and, if Drake conducts the affairs in this case appropriately,[4] the bond will be returned to him at its conclusion;

---

[4] Given his past conduct, the Court advises plaintiff that redundant litigation, i.e., filing multiple substantially identical claims against a single defendant, will be construed as misconduct and result in the forfeiture of any litigation bond he posts to file those

2. If Drake fails to post a contempt bond, the Court will review the Complaint and determine whether it states a claim for relief that is plausible on its face.  If the Complaint fails to state a facially plausible claim, it will be **DISMISSED**, unless the Court orders otherwise.  This automatic dismissal of an insubstantial claim "will reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention." *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997).  Thus, although the Court will read and consider the Complaint, it  will not necessarily enter an order addressing it.  If no order is forthcoming, then 30 days after the failure to post bond, without awaiting any further direction, the Clerk will notify Drake that his case has been dismissed without prejudice;

3. The Clerk shall not docket any further motions or papers in this case until receipt of the required bond.  The Clerk also shall not docket any further motions or papers in this case following its automatic dismissal pursuant to the directive above except for a

---

claims.

notice of appeal.  Any papers other than a notice of appeal shall be returned to Drake unfiled.  If Drake files a notice of appeal, the Clerk shall forward a copy of this R&R, the final disposition of this case by the district judge, the notice of appeal, and the dismissed complaint to the Court of Appeals.  Drake shall remain responsible for appellate filing fees or he may move this Court to grant *in forma pauperis* status on appeal;

4. Plaintiff must also submit to the Court an affidavit swearing that he has read Federal Rule of Civil Procedure 11 and will abide by its provisions.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073–74 (11th Cir. 1986) (*en banc*).  As plaintiff has demonstrated himself to be an abuser of the federal judicial system, the Court **RECOMMENDS** that the above enumerated filing restrictions be applied in this case.  Plaintiff should be allowed fourteen days from the adoption of this R&R to post the required bond.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 26th day of June,

2020.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA